11 ARMSTRONG, Judge.
Attorneys from the Juvenile Justice Project of Louisiana seek review of an order from the juvenile court judge denying their motion to enroll as counsel of record for the juvenile. The original motion to enroll was filed on October 2, 1998. On October 22, 1998, the trial court orally informed counsel that it had denied enrollment in the case. The trial court advised that it would not grant the motion to enroll unless counsel provided the court with a letter or affidavit from the juvenile or his parent stating that undersigned counsel had in fact been retained.
On November 4, 1998, counsel filed a second motion to enroll. *In the second motion counsel advised that pursuant to Rule 13 of the Rules of the Orleans Parish Juvenile Court an attorney only need to sign his/her name of record as representing his/her client. On November 10, 1998, the court issued a per curiam opinion denying the motion to enroll.[1]
laDISCUSSION
The sole issue presented in this writ application is whether the juvenile court judge has discretion to require evidence that an attorney has the requisite authority to represent a juvenile prior to signing an order granting counsel the right to enroll and have access to juvenile court records.
This appears to be a question of first impression. The relators allege that they have filed notices of enrollment throughout the state and in Section F of the Juvenile Court for this Parish. The other courts have consistently allowed counsel to enroll and have granted prompt access to the juvenile court files.
The relators argue that denial of the motion to enroll them as the juvenile’s counsel violates the juvenile’s constitutional right to retain counsel of his choice. They cite numerous cases for the proposition that a criminal defendant and/or juvenile has the right to retain counsel of his choice. They maintain that the trial court violated the juvenile’s constitutional right to retain counsel of his own choice when it denied their motion to enroll as counsel for the juvenile. The facts, as presented by the relators, do not support a finding that this argument has merit.
The facts suggest that the trial judge would be willing to sign the motion to enroll if counsel provides some written verification of authority to represent the juvenile. The relators forthrightly admit that on October 22,1998, the trial court informed them that it would not enroll them as counsel of record unless they provided the court with a letter *1074 or affidavit from the juvenile or his parent verifying they had been retained to represent the juvenile. Instead of obtaining such a letter, the relators chose to file another motion on November 4, 1998 informing the judge that the local rules did not require that they submit a letter from the juvenile or the parent in order to represent the juvenile. Relators advised the judge that Rule 13 of |3the Orleans Parish Juvenile Court only required that an attorney sign his/her name of record as representing his/her client. They again requested that the court sign an order recognizing them as counsel of record and granting them access to all court records for the purpose of representing the juvenile.
On November 10, 1998, the trial court again denied the motion to enroll and the request to grant access to juvenile court files. The court issued a written per curiam setting forth reasons for the denial. The court noted that in one of the cases that the relators sought to be enrolled the juvenile had been acquitted on July 7, 1994. Consequently, that case was closed. The court noted that in the other case, the juvenile had been found “guilty” following a trial on December 17, 1996. On March 3, 1997, he received a sentence of 2 l/2years on one of the counts and a six-month concurrent sentence on the other. On October 29, 1997, this court affirmed the juvenile’s “conviction and sentence.” The court correctly noted that Rule 13 did not set forth the procedure for enrollment of counsel or the basis for granting or denying such a motion.[2] The court emphasized that in most cases counsel appears with the juvenile in court, and the court is able to inquire as to the juvenile’s desire to be represented by counsel at that time. However, the court opined that counsels’ refusal to provide written acknowledgment verifying representation raised questions concerning the legitimacy of the representation.
Finally, the court noted that its inquiry concerning the right of representation was critical in light of the confidentiality of juvenile court records. This was particularly true in the instant case wherein the motion to enroll also sought “full access” to the juvenile’s record.
|4La. Ch. C. Art. 412 provides in relevant part:
Art. 412. Confidentiality of records; disclosure exceptions; sanctions
* 5k * * * *
... [Rjecords and reports of the court, probation officers, and law enforcement agencies concerning matters or proceedings in court are confidential and shall not be disclosed, except:
******
(5) The delinquency record upon written waiver by a person seventeen years of age or older ivho has been the subject of a delinquency proceeding pursuant to Title VIII. (emphasis added)
The court concluded that pursuant to La. Ch. C. Art. 412, it could not grant the relators access to the juvenile’s records in the absence of a written waiver of confidentiality executed by the juvenile or a showing of good cause and relevancy to a particular proceeding.
The court correctly noted that the relators’ motion to enroll is very broad and seeks more than just permission to enroll. Rather, relators seek access to confidential court records. Once a motion allowing the relators to enroll is signed, the relators would necessarily have access to the records. By refusing to provide a letter or affidavit from the juvenile, the relators are essentially assuming that signing a motion to enroll is nothing more than a ministerial act on the part of the trial judges. However, they cite no cases to support this proposition.
It may very well be true that other courts and judges of other sections routinely grant access to juvenile court records based upon a representation that a particular attorney represents a juvenile. However, we find that this is a matter addressed to the court’s discretion. Relators have not indicated that obtaining a Igletter from the juvenile would pose a problem. In fact, they cite no reasons for failing to supply written verification of *1075 representation. The request to supply a letter or affidavit from the juvenile does not appear to be onerous or burdensome. Based upon the considerations expressed by this particular juvenile court judge, we cannot say that the court abused its discretion by denying the relators’ motion to enroll.
Accordingly, we affirm the judgment of the trial court.

WRIT GRANTED; AFFIRMED.

. The trial court granted counsel five days from receipt of the order to seek writs. According to counsel, the motion was received via registered mail on November 16, 1998. The writ application was received in this court on November 24, 1998 in an envelope postmarked November 23, 1998.

. Rule 13 is entitled "Appearance of Attorneys" and provides in relevant part, "An attorney, unless appointed by the Court, shall sign his/her •name of record as representing his/her client....”